■ SUPERIOR CARE, INC., Appellant, v SERAFINO ZUPPARDI et al., Defendants, and AETNA CASUALTY & SURETY COMPANY, Respondent. — In an action, *inter alia,* upon an insurance contract, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated May 20, 1981, as denied its motion for summary judgment as against defendant Aetna Casualty & Surety Company. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted to the extent that summary judgment is granted to the plaintiff as to the fourth cause of action, which is against defendant Aetna. Plaintiff, Superior Care, Inc., provided nursing care services for Lucy Zuppardi, who was covered under her husband's medical insurance plan. The plan covered private duty nursing when such care "is ordered by the attending doctor" and "requires the technical proficiency and professional skills of an R.N." A claim for reimbursement under the plan was denied on the ground that the skills of a registered nurse were not required by Mrs. Zuppardi. Superior Care then commended this action, *inter alia,* against the insurer of Mr. Zuppardi's medical insurance plan, defendant Aetna Casualty & Surety Company, relying on an assignment of the insurance contract to it by Mr. Zuppardi. In support of its motion for summary judgment, plaintiff offered a letter from Mrs. Zuppardi's doctor, which stated that she is "aphasic, has a right hemiplegia and seizures, as well as atrial fibrillation and atherosclerotic heart disease." Due to this condition, the doctor recommended "24 hour nursing at home to observe her for seizures, regulate her anticonvulsant dosage and watch for anticonvulsant toxicity." On this basis, Superior Care provided nursing services between June 5 and December 15, 1978, except for intermittent periods when Mrs. Zuppardi was readmitted to the hospital. In opposition, Aetna's counsel claimed that a registered nurse was not required. Although the letter denying the Zuppardis' claim relied on notes kept by the attending nurses, this information was not included in the

record. Special Term denied the motion. The letter from Mrs. Zuppardi's doctor established, prima facie, the need for a registered nurse. The practice of a registered nurse is defined as "diagnosing and treating human responses to actual or potential health problems through such services as * * * executing medical regimens prescribed by a licensed or otherwise legally authorized physician" (Education Law, § 6902, subd 1). The observation for seizures and anticonvulsant toxicity constitutes "diagnosing" — the "identification of and discrimination between physical and psychosocial signs and symptoms essential to effective execution and management of the nursing regimen" (Education Law, § 6901, subd 1). The regulation of anticonvulsant dosage encompasses "treating" — the "selection and performance of those therapeutic measures essential to the effective execution and management of the nursing regimen, and execution of any prescribed medical regimen" (Education Law, § 6901, subd 2). None of the policy exclusions — bathing, feeding or exercising the patient — was involved. Since plaintiff demonstrated a prima facie claim, it was incumbent upon Aetna to furnish evidentiary proof sufficient to raise a triable issue of fact (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 37 NY2d 285, 290). The conclusory allegation of Aetna's attorney, who had no personal knowledge of the matter, is without evidentiary value (see *Zuckerman v City of New York*, 49 NY2d 557, 563). Without further proof, Aetna failed to create an issue of fact concerning the need for the skills of a registered nurse. Accordingly, plaintiff was entitled to summary judgment as against it. Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.